WILLIAMS, Judge.
| tThe plaintiffs, Kim Smith and Marty Smith, appeal a summary judgment rendered in favor of the defendant, Louisiana Farm Bureau Casualty Insurance Company (“Farm Bureau”). The district court found that the Farm Bureau insurance policy did not provide coverage for plaintiffs’ damages. For the following reasons, we reverse in part, affirm in part and remand.
FACTS
On May 16, 2003, an automobile accident occurred when Sara Cockrell, a minor, attempted to turn left from U.S. Highway 79 onto Panther Drive in Bossier Parish and collided with a vehicle driven by Kim Smith. Sara, whose parents were divorced, was driving a 1997 Toyota Camry owned by her mother, Linda Rocks, and her step-father, Patrick Rocks. The automobile was covered by an insurance policy issued by Allstate Insurance Company (“Allstate”) and Sara was an insured under the policy. As a result of the accident, Kim Smith sustained physical injuries, including a fracture of the left hip, which required surgery.
The plaintiffs, Kim Smith and her husband, Marty Smith, filed a petition for damages against the defendants, Linda and Patrick Rocks and Allstate. Sara’s father, Kevin Cockrell, owned an automobile insured by Farm Bureau. The policy provided coverage to Kevin Cockrell as the named insured and to any relative “while a resident of the named insured’s household.” Subsequently, the plaintiffs amended their petition to add Farm Bureau as a party defendant, alleging that its policy provided coverage to Sara for the accident. Later, the plaintiffs dismissed their action against 12Linda and Patrick Rocks and Allstate.
In September 2004, the plaintiffs filed a motion for partial summary judgment asserting insurance coverage under the Farm Bureau policy on the grounds that Sara was a resident of her father’s household. In response, Farm Bureau filed a motion for summary judgment denying coverage on the basis that Sara was not a resident of Kevin Cockrell’s household.
After a hearing, the district court denied plaintiffs’ motion and granted summary judgment in favor of Farm Bureau, dismissing the insurer from the lawsuit. In *888 its written reasons, the court found that Sara was not a resident of her father’s household and was not covered under the Farm Bureau insurance policy. The plaintiffs appeal the judgment.
DISCUSSION
The plaintiffs contend the district court erred in granting Farm Bureau’s motion for summary judgment. In three assignments of error, plaintiffs argue that a genuine issue of material fact exists as to whether Sara was a resident of her father’s household for the purpose of insurance coverage considering the contradictory deposition testimony and the ambiguous policy language.
Appellate courts conduct a de novo review of summary judgment under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730. Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material hfact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B); Welch v. Technotrim, Inc., 34,355 (La.App.2d Cir.1/24/01), 778 So.2d 728, writ denied, 01-0512 (La.6/15/01), 793 So.2d 1232. The burden of proof remains with the mover. LSA-C.C.P. art. 966(C)(2). However, when the moving party will not bear the burden of proof at trial on the matter before the court on summary judgment and points out an absence of factual support for one or more elements essential to the adverse party’s claim, the non-moving party must produce factual support sufficient to show that he will be able to satisfy his evidentiary burden at trial. Otherwise, there is no genuine issue of material fact for trial, and summary judgment is appropriate. LSA-C.C.P. arts. 966 and 967; Welch, supra.
An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation set forth in the Civil Code. Louisiana Insurance Guaranty Assoc. (“LIGA”) v. Interstate Fire & Casualty Co., 93-0911 (La.1/14/94), 630 So.2d 759. The judicial responsibility in interpreting insurance contracts is to determine the parties’ common intent. LSA-C.C. art. 2045; LIGA supra. Such intent is to be determined in accordance with the general, ordinary and plain meaning of the words used in the policy, unless the words have acquired a technical meaning. Gedward v. Sonnier, 98-1688 (La.3/2/99), 728 So.2d 1265.
If after applying the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the drafter, or in the insurance context, in favor of the insured. This rule of Rstrict construction requires that ambiguous policy provisions be construed against the insurer who issued the policy and in favor of coverage to the insured. LSA-C.C. art.2056; LIGA supra.
If a term, such as “resident,” is not defined in the policy, then the term has no absolute or precise meaning. Gedward, supra. Whether or not a person is a resident of a particular place is a question of law and fact to be determined from all of the facts of each particular case. Gedward, supra; Bond v. Commercial Union Assurance Co., 407 So.2d 401 (La.1981)(on rehearing); Jones v. Crane Co., 26,781 (La. App.2d Cir.4/5/95), 653 So.2d 822. In determining whether a person is a resident of a particular household with respect to insurance coverage, the emphasis is upon whether there remains membership in a *889 group or a relationship with a person, rather than an attachment to a building; the issue is a matter of intention and choice, not one of location. Gedward, supra; Bearden v. Rucker, 437 So.2d 1116 (La.1983); Jones, supra.
In the present case, the Farm Bureau policy provided that under coverages A and B (bodily injury and property damage), the word “insured” means “the named insured and any resident of the same household.” In the section titled “Use of Other Automobiles,” the policy further provided that the same insurance afforded by the policy for the covered automobile applied with respect to “the use of any other automobile with permission of the owner, subject to the following provisions: (a) under Coverages A and B only, the unqualified word ‘insured’ includes: (1) such named insured and spouse ... and a relative of the named insured or spouse while a resident of [ 5the named insured’s household.” The policy did not define the words resident or household.
In his deposition, Kevin Cockrell testified that Sara’s mother had been given sole custody of their daughters and that he lived approximately five miles from the mother’s home. Cockrell stated that there was no set visitation schedule and that Sara was “free to come over whenever.” Cockrell testified that from January 1, 2003 through May 2003, Sara had spent the night at his house and on those occasions she slept in a guest room which was provided for “whoever comes and stays with us.” He stated that Sara did not keep clothing or any other personal items at his house, she did not have a key to the house and did not receive mail there. Cockrell testified that although he tried to have dinner with Sara at least once a week, several weeks could pass by when he did not see her at all because of her busy schedule. Cockrell stated that he paid child support and occasionally purchased various items for Sara.
In her deposition, Sara testified that she was 16 years old and lived with her mother, sister and step-father in Haughton, approximately a ten-minute drive from her father’s house. Sara stated that she was not sure of her father’s address in Bossier Parish, that she did not have a key to his house and did not receive mail there. Sara testified that her father did not have a specific schedule of visitation, that they have a good relationship and that she was “not as close as I would like to be to him, but we are kind of close, I guess.” Sara estimated that she visited her father once or twice each month and said that during the visits she might play games or watch ^television with her father’s daughter from his second marriage. Sara stated that she sometimes spent the night when visiting her father, but not every time. Sara testified that she did not have her own bedroom at her father’s, but stayed in a guest room and that she did not keep any clothes or personal items there. Sara recalled that in the summer of 2003 she traveled with her father to Arkansas and that two years earlier they had traveled to Washington, D.C. Sara testified that her father had attended many of her performances with the high school dance line, but that she did not participate in any activities with just her father.
Linda Rocks testified in her deposition that she exercised sole custody of Sara, who resided with her in Haughton. Rocks stated that there was no written plan of visitation and that Kevin Cockrell had never sought a formal visitation schedule. She recalled that the custody agreement allowed Cockrell “liberal visitation rights” with his daughters. Rocks estimated that from January 1, 2003 through May 2003, Sara might have stayed over at her father’s house for two nights during the *890 holiday vacation and maybe one or two other nights during that five-month period. Rocks stated that Sara visited her father more often, approximately one or two times per month on average, when she did not spend the night. Rocks testified that Cockrell had recently changed jobs and they had agreed he could pay less child support for a period of time.
An insured bears the burden of proving that an insurance policy affords coverage for an incident. Doerr v. Mobil Oil Corp., 00-0947 (La.12/19/00), 774 So.2d 119. Summary judgment declaring a lack of coverage |7under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180; Davis v. American Heritage Life Insurance Co., 35,153 (La.App.2d Cir.10/31/01), 799 So.2d 705.
In Gedward, supra, the supreme court found that a child was a resident of his father’s dwelling because the parents exercised joint custody and the father generally saw his child every other weekend. The court reasoned that the child’s relationship with his father was not divested when his parents divorced and that the residency status of an unemancipated minor is tied to that of his parents. In addition, the court found that facts such as the child did not have a bedroom at the father’s house, did not keep clothing at the house or receive mail there were not dispositive of the residency issue since such factors focused on attachment to a building.
In Bearden, supra, the supreme court found that a wife who had been physically separated from her husband for nine months at the time of the accident was a resident of the husband’s household where they had not divorced, they retained joint ownership of community assets, she retained keys to the family home and occasionally ate meals with her children. In the Bond case, on rehearing, the supreme court found that a 30-year-old divorced man, who worked off-shore and rented an apartment in Lafayette before his death, had been a resident of his father’s household in Alexandria and was covered under the father’s insurance policy. The father testified | sthat his son lived with him in the Alexandria home when not on call for work and kept personal property there.
In this case, the plaintiffs carried the burden of proving at trial that Sara was a resident of Kevin Cockrell’s household in order to extend coverage under the insurance policy. In moving for summary judgment, Farm Bureau alleged that plaintiffs could not show that Sara was a resident of Cockrell’s household based on the facts that Sara did not have her own bedroom at her father’s house, she did not keep clothing at the house, she did not have a key and never received mail there. However, in Gedward, the supreme court stated that those factors are not determinative of the residency issue.
The plaintiffs also moved for summary judgment and presented evidence showing that after her parents divorced in 1993, Sara had maintained a relationship with her father through communication, visits of varying frequency and summer travel together. Plaintiffs submitted the deposition testimony of Cockrell, who stated that he and Sara tried to meet for dinner each week and that they did have weekly visits for some periods of time. Although Cock-rell acknowledged that in the six months prior to the accident he and Sara had not seen each other as often as in the past, he said Sara was welcome at his home whenever she could visit and he described their relationship as good. Sara and her mother testified that Sara visited her father ap *891 proximately once or twice each month and that she sometimes stayed overnight at his house.
In considering whether summary judgment was appropriate in this l9case, we note that Farm Bureau’s insurance policy used undefined terms and that this ambiguous language is construed in its most inclusive sense in favor of coverage. After reviewing the record and the applicable law concerning whether a person is a resident of a place, we conclude that the evidence submitted in this case demonstrated a factual situation under which the insurance policy could reasonably be interpreted to afford coverage. The deposition testimony showed that for a period of almost ten years, Sara visited with her father at least on a monthly basis, she periodically stayed overnight at his house and she joined her father for summer trips. Thus, the plaintiffs produced sufficient evidence to establish a genuine issue of material fact as to whether Sara, a minor child, was a resident of her father’s household in the most inclusive reasonable sense of that term. Consequently, the district court erred in granting Farm Bureau’s motion for summary judgment.
CONCLUSION
For the foregoing reasons, that part of the district court’s judgment granting Farm Bureau’s motion for summary judgment and dismissing plaintiffs’ claims is reversed. The judgment is otherwise affirmed and this matter is remanded to the district court for further proceedings. Costs of this appeal are assessed to the appellee, Louisiana Farm Bureau Casualty Insurance Company.
REVERSED IN PART; AFFIRMED IN PART AND REMANDED.